# United States Court of Appeals for the Fifth Circuit

---

No. 22-51070
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Avery Andress Mason,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CR-66-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Avery Andress Mason pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 70 months in prison. Mason appeals the district court's denial of his motion to suppress evidence seized during the execution of a search warrant at his home.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51070

"When examining a district court's ruling on a motion to suppress, we review question of law de novo and factual findings for clear error, viewing the evidence in the light most favorable to the prevailing party." *United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019). In evaluating whether the police conducted a constitutionally permissible search, "[f]irst we determine whether the good-faith exception to the exclusionary rule . . . applies." *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003) (citing *United States v. Leon*, 468 U.S. 897 (1984). If one or more of the following circumstances is present, the good-faith exception cannot apply:

> (1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth; (2) where the issuing magistrate/judge wholly abandoned his or her judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

*Id.* (quoting *United States v. Webster*, 960 F.2d 1301, 1307 n.4 (5th Cir. 1992)). If this exception applies, "we need not reach the question of probable cause for the warrant unless it presents a novel question of law, resolution of which is necessary to guide future action by law enforcement officers and magistrates." *Id.* (internal quotations and citation omitted).

Mason contends that the police officers' reliance on the warrant falls under the third of those circumstances and was therefore objectively unreasonable. Mason asserts that the affidavit in support of the warrant was deficient because it contains untimely evidence in the form of undated Instagram posts. Mason also contends that the affidavit fails to demonstrate the presence of guns in Mason's home. The government counters that the "affidavit and accompanying exhibits supplied sufficient facts showing

No. 22-51070

Mason was unlawfully possessing firearms and that those firearms could be found in his home" and was "therefore not 'bare bones.'" The government alternatively states that the state judge had a substantial basis for finding the existence of probable cause.

In light of all of the evidence, we conclude that the good-faith exception applies. We therefore need not reach the question of probable cause. The officers' belief that Mason was contemporaneously in possession of illegal firearms was objectively reasonable in light of the number and timing of the Instagram postings, the appearance in one photo of a new tattoo on Mason's face, and the affiant's conclusion that the guns were the type that gun owners would likely keep and not sell or transfer. Regarding location, the officers' belief that guns would be located inside of Mason's home was also objectively reasonable, given that the substantial corroborating evidence confirms that the location depicted in several photos was Mason's residence.

AFFIRMED.